142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd H. NELSON, Plaintiff-Appellant,
v.
James GOMEZ, Director; Charles D. Marshall, Warden,
Defendants-Appellees.
 No. 96-15773.
D.C. No. CV-95-00530-CAL.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California, Charles A. Legge, District Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Floyd H. Nelson, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his civil-rights action alleging violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 5
 Nelson was identified as affiliated with a gang and recommended for housing in the Special Housing Unit ("SHU") at Pelican Bay State Prison. Nelson contends that prison officials did not have reliable information supporting their conclusion that he was affiliated with a gang and that they failed to review their decision to send him to the SHU in a timely, periodic fashion. Upon review of the record, we cannot conclude that prison officials violated Nelson's limited procedural rights concerning placement in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (outlining procedural rights concerning placement in administrative segregation); Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1990) (deferring to prison officials with respect to 90 or 120 day reviews of placement in administrative segregation); Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir .1987) (outlining indicia of reliability for confidential information).[1]
 
 
 6
 With respect to Nelson's Fifth Amendment claim, we conclude that he failed to submit sufficient evidence to establish that he had a reasonable belief that information from the debriefing process would be used in a criminal prosecution. See United States v. Rendahl, 746 F.2d 553, 555 (9th Cir.1984).
 
 
 7
 With respect to Nelson's Eighth Amendment claim, we conclude that he failed to submit sufficient evidence to establish that prison officials were deliberately indifferent to his health or safety when identifying him as a gang-affiliate, pressuring him to debrief, or keeping him in administrative segregation. See Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
 
 
 8
 Accordingly, we affirm the district court's grant of summary judgment on Nelson's Fifth, Eighth, and Fourteenth Amendment claims. See Barnett, 31 F.3d at 815.
 
 
 9
 Because the materials attached to Nelson's motion concerning newly discovered evidence fail to establish why prison officials have released him from administrative segregation or which confidential reports they may now consider unreliable, we deny this motion without prejudice to any claim Nelson may have based on this new evidence.
 
 
 10
 We reject Nelson's remaining claims on appeal as without merit.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, Nelson's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Given that prison officials had a legitimate penological interest in placing Nelson in administrative segregation, we conclude the district court did not err by concluding that Nelson's allegations of conspiracy to retaliate against him for his political and religious views failed to state a 42 U.S.C. § 1985 claim. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)